# THE NAVAJO NATION

JONATHAN NEZ | PRESIDENT    MYRON LIZER | VICE PRESIDENT



April 9, 2019



HUMAN RESOURCES
16 APR '19 AM
AD19-442

Dr. Sandra Aretino, CEO-DDS
Tse'hootsooi' Medical Center
PO Box 69
Fort Defiance, Arizona 86504

**RE:** *Notice of Filing an Individual Charge*
*No. WRIC19-040*

Dear Ms. Aretino:

    On December 28, 2018, Mr. Vernon L. Drummond, Jr., filed an Employment Charge and Amended Charge on February 11, 2019 with the Office of Navajo Labor Relations ("ONLR") alleging that:

1. Tse'hootsooi' Medical Center ("TMC") failed to maintain a safe and clean working environment and employment conditions which are free of prejudice, intimidation and harassment in violation of 15 N.N.C. § 604 B. (9); and

2. TMC on February 7, 2019, terminated employment as an Wound Care Registered Nurse without just cause in violation of 15 N.N.C. § 604 B. (8); and

3. TMC's adverse action on February 7, 2019, for termination of employment was taken against Mr. Drummond without just cause in violation of 15 N.N.C. § 604 B. (8).

    Foregoing citations are codified under the Navajo Preference in Employment Act ("NPEA") as amended. Title 15, Chapter 7, Navajo Nation Code.

    Enclosed, is a copy of the Employment Charge and with Amended Charge filed by Mr. Drummond containing statement of facts constituting alleged violations of the NPEA and the remedial actions requested by Mr. Drummond.

    At part of its investigation into these charges, ONLR request from TMC, the following:

1. Any and all documents pertaining to the alleged comments by Travel Wound Care Nurse Leyanne Holte on or about October 11, 2018, "she from day one will not going to work with Vernon" and/or I don't want to work or talk to Vernon".

*Letter to Dr. Sandra Aretino, CEO-DDS*
*RE: WRIC19-040*
*Page 2 of 3*

2. State what was the nature of the comments by L. Holte which created the alleged hostile workplace for Mr. Drummond and/or other Nurses raising negative complaints, without legitimate grounds nor sought any redress with documentations with proper authority of TMC?
   Provide supporting documentations.

3. State what were the issues surrounding Mr. Drummond place or use dressing improperly on patients which he was instructed to stop but continues to use? What is the proper method of wound dressing Mr. Drummond was either force to apply or he had his own expertise not trusted nor acceptable?
   Provide supporting documentations.

4. State is the profanity languages use for contempt against Mr. Drummond by DPM Pierre Desrosiers unyielding subjected a hostile work environment permissible under the TMC's policy or does these type of profanity words a normal statements used against certain male Nurses on daily basis circumvent discrimination as an ongoing practices?
   Provide supporting documentations.

5. State did MD N. Yazzie initiated any reprimand action against Mr. Drummond for forcing or subjecting "to use dressings he didn't want to use on patients" or any serious charges he was insubordinate that he's not trusted to treat patients?
   Provide supporting documentations.

6. State during the length of time when the doctors had issues with Mr. Drummond, was there any written complaint about his work related deficiencies required corrective actions and/or subjected to any harsh penalties?
   Provide supporting documentations.

7. State what was the reasons the Nurse Executive and Assistant Nurse Executive including other team Nurse or staff members raise complaints or issues of adverse employment conditions implicated by L. Holte and A. Wallace which was never acknowledge in permitting to be heard for any internal investigation or be afforded any remedies?
   Provide supporting documentations.

8. State did the Supervisor of Mr. Drummond at any time prior to TMC's action placing him on discretionary leave with pay on December 28, 2018, provided counseling for improving or take corrective action on his alleged work deficiencies of performing treatment procedures without required orders from medical providers?
   Provide supporting documentations.

*Letter to Dr. Sandra Aretino, CEO-DDS*
*RE: WRIC19-040*
*Page 3 of 3*

9. State whether Mr. Drummond's grievance action was accepted in accordance to the applicable grievance step procedures? If Mr. Drummond was denied to be heard contrary to TMC's grievance appeal, state the reasons?
Provide supporting documentations.

10. Copies of any written decision pertaining to Mr. Drummond's grievance appeal of his termination including all supporting documentations pertaining to the charges or issues audited of Mr. Drummond's misconduct used to establish the elements of the disciplinary action.

TMC is hereby advised to respond to the Charges by Vernon L. Drummond and production of requested documentations and information will be due for submission to ONLR on or before April 25, 2019, at 5:00 P.M.

Thank you for your attention and cooperation regarding this matter. If you have any questions, you may call me at (928) 871-6800 or 871-7429.

Sincerely,

Eugene Kirk, Labor Compliance Officer
Office of Navajo Labor Relations – DHR

CONCURRENCE:

Ron Curtis, Program Manager I
Office of Navajo Labor Relations – DHR

Enclosed

Cc: Vernon L. Drummond
Individual File
Chrono File

EK/an