Steven C. Boos, Esq., Reg. No. 009621
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue, Suite 123
Durango, Colorado  81301
970.247.1755 / Facsimile:  970.247.8827
sboos@mbssllp.com
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| VERNON DRUMMOND | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:19-cv-08307-JJT |
| | ) | |
| vs. | ) | |
| | ) | AMENDED ANSWER |
| FORT DEFIANCE INDIAN HOSPITAL BOARD, INC., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

The Defendant, Fort Defiance Indian Hospital Board, Inc. (FDIHB), answers the Complaint as follows:

**Background**

1. The Defendant is designated as a "tribal organization" for purposes of the Indian Self-Determination and Education Assistance Act, P.L. 93-638, as amended, through a resolution (NABI-92-18) of the Navajo Nation Council, approved on December 27, 2018.

2. The Defendant operates a hospital and clinics, all within the exterior boundaries of the Navajo Nation, pursuant to a self-determination contract with the Secretary of Health and Human Services.

3. The Plaintiff, Vernon Drummond, was initially hired by the Defendant on April 6, 2015, as a Wound Care/Ostomy Nurse within the Defendant's Surgery Clinic.

4. When the Plaintiff was hired, he was given a position description, which he signed on August 29, 2016 and again on July 25, 2018, certifying that he was able to perform the essential functions of the Wound Care/Ostomy Nurse position as outlined in that position description.

5. The Plaintiff took leave from October 8, 2018 through October 9, 2018, and other nurses were assigned to his patients who had scheduled appointments during this period.

6. The other nurses who were covering for the Plaintiff discovered irregularities in patient assessments, descriptions of treatment, and other charting notes that were inserted into the patients' medical records. These nurses also discovered that the Plaintiff may have performed certain treatment procedures without required orders from medical providers.

7. The nurses reported these findings to the Defendant's Nurse Executive, Sandra Fouser.

8. Due to the seriousness of the report and the findings, Ms. Fouser directed that a random case review of patients seen by the Plaintiff for the time period August 1, 2018 through November 30, 2018, be conducted. Eighteen (18) randomly chosen wound care patients were selected for the review.

9. While the case reviews were conducted, on December 28, 2018, the Plaintiff was placed on Discretionary Leave with Pay.

10. The reviews were completed by a Nurse Consultant retained by the Plaintiff's Chief Nursing Officer. The Nurse Consultant made findings for each of the 18 patient charts under review.

11. The chart reviews revealed that the Plaintiff acted outside the scope of nursing practice by performing certain treatment procedures without required orders from physicians prior to performing certain invasive procedures.

12.     The chart reviews also showed that not only was the Plaintiff performing invasive procedures without a physician order, but was also falsely noting in the patient charts that he performed the invasive procedure "per md order" when, in fact, no physician orders are found in the patient charts.

13.     The Plaintiff's actions violated the standards of nursing care, endangered the life and well-being of patients and constituted actions outside the scope of the Plaintiff's nursing practice.

14.     As a condition of the Discretionary Leave, the Plaintiff was instructed "to remain off FDIHB premises during your period of discretionary leave, unless you have a valid medical reason for yourself and your family. *You must promptly report your presence on FDIHB premises to [Sandra Fouser], if it becomes necessary*."

15.     The Plaintiff disregarded the instruction to report his presence on the Defendant's premises and at least twice appeared at FDIHB without advance notice during the period the Discretionary Leave was in effect; an act constituting insubordination under the Defendant's personnel policies.

16.     Upon the conclusion of the patient case reviews, on February 7, 2019, the Plaintiff was terminated.

17.     On December 28, 2018, the Plaintiff filed a complaint with the Navajo Nation Office of Labor Relations (ONLR) alleging that the Defendant had violated the Navajo Preference in Employment Act, Title 15, Chapter 7, Navajo Nation Code (NPEA), with regard to the circumstances of the Plaintiff's employment by the Defendant. The Plaintiff amended the ONLR complaint after he was terminated, alleging that his termination also violated the NPEA. The gist of the ONLR complaint was an allegation that the Plaintiff had been discriminated against because he is African American.

18. On September 11, 2019, the ONLR determined that there was no probable cause to believe that the Defendant had violated the NPEA with regard to the Plaintiff, dismissed the complaint he had filed against the Defendant and authorized him to bring a private action "before the Navajo Nation Labor Commission" in a *Notice of Right to Proceed* issued by the ONLR on that date.

19. Pursuant to Section 610(J)(1)(c) of the NPEA, the Plaintiff had 360 days from the date on which his complaint was filed with the ONLR to file an action before the Navajo Nation Labor Commission. Consequently, the Plaintiff had until at least December 25, 2019, to file an action before the Labor Commission.

20. On July 5, 2019, the Plaintiff filed a Charge of Discrimination with the EEOC, alleging the same facts that were the basis of his complaint with the ONLR. A copy of the Charge was mailed to the Defendant at a non-existent mailing address: Tsehootsooi Medical Center, Rt #12 & Rt #7, Fort Defiance, AZ 86504.

21. On July 19, 2019, the EEOC issued a Dismissal and Notice of Rights to the Plaintiff, closing its file on the Charge and giving the Plaintiff ninety days from his receipt of the Notice to file an action in the federal court. The Defendant is without knowledge of when the Notice was received by the Plaintiff. A copy of the Dismissal was mailed to the Defendant at a non-existent mailing address: Tsehootsooi Medical Center, Rt #12 & Rt #7, Fort Defiance, AZ 86504.

22. The Defendant never actually received copies of the EEOC Charge or Dismissal.

23. The Complaint in this case was filed on October 17, 2019, at a time when the Plaintiff had a pending tribal administrative remedy available to him and without first making any effort to comply with requirements for bringing a claim in this court pursuant to 42 U.S.C. § 2000e-5.

24. On December 19, 2019, the Plaintiff filed a complaint with the Navajo Nation Labor Commission pursuant to the NPEA and is currently actively engaged in a tribal administrative proceeding for review of his claims against the Defendant.

**Specific Allegations of the Complaint**

25. The allegations of Paragraph One are denied.

26. The allegations of Paragraph Two are admitted.

27. The allegations of Paragraph Three are admitted.

28. The allegations of Paragraph Four are denied.

29. Paragraph Five appears to have been intended to set forth a list of factual allegations but has been left blank. Consequently, although there are no allegations in this paragraph requiring a response, the Defendant denies that it has engaged in any "racial harassment" of the Plaintiff.

30. The allegations of Paragraph Six are denied.

31. The allegations of Paragraph Seven are denied.

32. The allegations of Paragraph Eight are denied.

33. The allegations of Paragraph Nine are denied.

34. The allegations of Paragraph 10 are denied.

35. The allegations of Paragraph 11 are denied.

36. The allegations of Paragraph 12 are denied.

37. Paragraph 13 contains allegations concerning the relief requested by the Complaint, rather than any allegations of fact, and is therefore denied.

## Affirmative Defenses

38. The Plaintiff is actively engaged in a tribal administrative proceeding concerning his claims and has failed to exhaust his tribal remedies, thereby requiring that the court dismiss this case.

WHEREFORE, the Defendant requests judgment be entered as follows:

1. Dismissing the Complaint.

2. Awarding the Defendant, as the prevailing party, its reasonable costs and attorney's fees, pursuant to 42 U.S.C. § 2000e -5(k) or such other statutory provisions or equitable principles that support such an award.

3. Granting such other relief as the court finds to be appropriate.

Respectfully submitted this 14th day of February 2020.

**MAYNES, BRADFORD, SHIPPS & SHEFTEL, LLP**

by: */s/ Steven C. Boos*
Steven C. Boos, Reg. No. 009621
835 East Second Avenue, Suite 123
Durango, Colorado 81301
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February 2020, I caused a true and correct copy of DEFENDANT'S AMENDED ANSWER to be served on Plaintiff, Vernon Drummond, via e-mail and U.S. Mail, first class, postage prepaid, addressed as follows:

David Jordan, Esq.
1995 State Road 602
Post Office Box 840
Gallup, NM 87305-2205
djlaw919@gmail.com

/s/ Linda A. Winters
Linda A. Winters