Steven C. Boos, Esq., Reg. No. 009621
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue, Suite 123
Durango, Colorado  81301
970.247.1755 / Facsimile:  970.247.8827
sboos@mbssllp.com
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| VERNON DRUMMOND | ) | |
| | ) | |
|   Plaintiff, | ) | No. 3:19-cv-08307-JJT |
| | ) | |
| vs. | ) | |
| | ) | AMENDED MOTION TO |
| FORT DEFIANCE INDIAN HOSPITAL<br>  BOARD, INC., | ) | DISMISS |
| | ) | |
|   Defendant. | ) | |

## Motion

The Defendant, Fort Defiance Indian Hospital Board, Inc. (FDIHB), moves for dismissal of the Complaint in this case pursuant to Rule 12(b)(1) and Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to exhaust tribal remedies.

## Memorandum of Law

### 1. Factual Background

The Defendant is designated as a "tribal organization" for purposes of the Indian Self-Determination and Education Assistance Act, P.L. 93-638, as amended, through a resolution (NABI-92-18) of the Navajo Nation Council, approved on December 27, 2018. The Defendant operates a hospital and clinics, all within the exterior boundaries of the Navajo Nation, pursuant to a self-determination contract with the Secretary of Health and Human Services.

1

The Plaintiff, Vernon Drummond, was initially hired by the Defendant on April 6, 2015, as a Wound Care/Ostomy Nurse within the Defendant's Surgery Clinic. When the Plaintiff was hired, he was given a position description, which he signed, on August 29, 2016 and again on July 25, 2018, certifying that he was able to perform the essential functions of the Wound Care/Ostomy Nurse position as outlined in that position description.

The Plaintiff took leave from October 8, 2018 through October 9, 2018, and other nurses were assigned to his patients who had scheduled appointments during this period. The other nurses who were covering for the Plaintiff discovered irregularities in patient assessments, descriptions of treatment, and other charting notes that were inserted into the patients' medical records. These nurses also discovered that the Plaintiff may have performed certain treatment procedures without required orders from medical providers. The nurses reported these findings to the Defendant's Nurse Executive, Sandra Fouser.

Due to the seriousness of the report and the findings, Ms. Fouser directed that a random case review of patients seen by the Plaintiff for the time period August 1, 2018 through November 30, 2018 be conducted. Eighteen (18) randomly chosen wound care patients were selected for the review. While the case reviews were conducted, on December 28, 2018, the Plaintiff was placed on Discretionary Leave with Pay.

The reviews were completed by a Nurse Consultant retained by the Plaintiff's Chief Nursing Officer. The Nurse Consultant made findings for each of the 18 patient charts under review. The chart reviews revealed that the Plaintiff acted outside the scope of nursing practice by performing certain treatment procedures without required orders from physicians prior to performing certain invasive procedures.

The chart reviews also showed that not only was the Plaintiff performing invasive procedures without a physician order, but was also falsely noting in the patient charts that he performed the invasive procedure "per md order" when, in fact, no physician orders are found in the patient charts. The Plaintiff's actions violated the standards of nursing care, endangered the life and well-being of patients and constituted actions outside the scope of the Plaintiff's nursing practice.

As a condition of the Discretionary Leave, the Plaintiff was instructed "to remain off FDIHB premises during your period of discretionary leave, unless you have a valid medical reason for yourself and your family. *You must promptly report your presence on FDIHB premises to [Sandra Fouser], if it becomes necessary*." The Plaintiff disregarded the instruction to report his presence on the Defendant's premises and at least twice appeared at FDIHB without advance notice during the period the Discretionary Leave was in effect; an act constituting insubordination under the Defendant's personnel policies. Upon the conclusion of the patient case reviews, on February 7, 2019, the Plaintiff was terminated.

On December 28, 2018, the Plaintiff filed a complaint with the Navajo Nation Office of Labor Relations (ONLR) alleging that the Defendant had violated the Navajo Preference in Employment Act, Title 15, Chapter 7, Navajo Nation Code (NPEA), with regard to the circumstances of the Plaintiff's employment by the Defendant. The Plaintiff amended the ONLR complaint after he was terminated, alleging that his termination also violated the NPEA. Exhibit One. The gist of the ONLR complaint was an allegation that the Plaintiff had been discriminated against because he is African American.

On September 11, 2019, the ONLR determined that there was no probable cause to believe that the Defendant had violated the NPEA with regard to the Plaintiff, dismissed the complaint he had filed against the Defendant and authorized him to bring a private action "before the

Navajo Nation Labor Commission" in a *Notice of Right to Proceed* issued by the ONLR on that date. Pursuant to Section 610(J)(1)(c) of the NPEA, the Plaintiff had 360 days from the date on which his complaint was filed with the ONLR to file an action before the Navajo Nation Labor Commission. Consequently, the Plaintiff had until at least December 25, 2019, to file an action before the Labor Commission. Exhibit Two.

On July 5, 2019, the Plaintiff filed a Charge of Discrimination with the EEOC, alleging the same facts that were the basis of his complaint with the ONLR. A copy of the Charge was mailed to the Defendant at a non-existent mailing address: Tsehootsooi Medical Center, Rt #12 & Rt #7, Fort Defiance, AZ 86504. On July 19, 2019, the EEOC issued a Dismissal and Notice of Rights to the Plaintiff, closing its file on the Charge and giving the Plaintiff ninety days from his receipt of the Notice to file an action in the federal court. The Defendant is without knowledge of when the Notice was received by the Plaintiff. A copy of the Dismissal was mailed to the Defendant at a non-existent mailing address: Tsehootsooi Medical Center, Rt #12 & Rt #7, Fort Defiance, AZ 86504. The Defendant never actually received copies of the EEOC Charge or Dismissal. Exhibit 3.

The Complaint in the present case was filed on October 17, 2019, at a time when the Plaintiff had a pending tribal administrative remedy available to him and without first making any effort to comply with requirements for bringing a claim in this court pursuant to 42 U.S.C. § 2000e-5 (also referred to below as a Title VII claim). On December 19, 2019, the Plaintiff filed a complaint with the Navajo Nation Labor Commission pursuant to the NPEA and is actively engaged in a tribal administrative proceeding for review of his claims against the Defendant. Exhibit Four.

2. **Discussion**

   **A. The Plaintiff failed to exhaust available tribal remedies before filing the claim in this case.**

It is a well-recognized rule of jurisprudence in the Ninth Circuit that principles of comity require a plaintiff to exhaust available tribal remedies before litigating claims in the federal courts. This rule applies to Title VII claims and has also been expressly applied to the exhaustion of remedies that a plaintiff has with the Navajo Nation Labor Commission. *Window Rock Unified Sch. Dist. v. Reeves,* 861 F.3d 894 (9th Cir. 2017), *as amended* (Aug. 3, 2017), *cert. denied*, 138 S. Ct. 648 (2018); *Walker v. Boy,* 2019 WL 5700770 (D. Mont. 2019).[1] In the latter case, the District Court held that if tribal jurisdiction over a Title VII claim is "colorable" then the court must defer to tribal jurisdiction.

In the present case, it isn't necessary to engage in a detailed analysis of whether the Navajo Nation Labor Commission has colorable jurisdiction over the Plaintiff's claims, because in this case the Plaintiff voluntarily availed himself of that jurisdiction by filing claims first with the ONLR and then the Labor Commission. The procedure before the Labor Commission remains pending and, consequently, the district court must dismiss this complaint for failure of the Plaintiff to exhaust tribal remedies.

---

[1]Counsel for the Plaintiff, David Jordan, is aware of this rule, having appeared as counsel of record in the *Window Rock Unified School District* case where he argued that exhaustion of tribal remedies before the Labor Commission is required before a claim is filed in the federal courts. Exhibit Five. The Defendant has served Mr. Jordan with a proposed motion for an award of fees under Rule 11, pursuant to Rule 11(c)(1)(A), Federal Rules of Civil Procedure.

**B. Upon dismissal of the Complaint, the Defendant is entitled to an award of attorney's fees as the prevailing party pursuant to 42 U.S.C. §2000e-5(k).**

The prevailing party in a Title VII case is entitled to an award of attorney's fees. 42 U.S.C. § 2000e-5(k). The United States Supreme Court has held that "a favorable ruling on the merits of [a Title VII claim] is not a predicate to find that a defendant has prevailed. *CRST Van Expedited, Inc. v. E.E.O.C.,* ____U.S. ____, 136 S. Ct. 1642, 1646 (2016). In the *CRST* decision, the court held that a defendant is a prevailing party in a Title VII claim when it is successful on a pre-trial motion for summary judgment.

If the district court rules in favor of the Defendant on this motion and dismisses the case, the Defendant will be a prevailing party under § 2000e-5(k) who is entitled to an award of attorney's fees.

**3. Conclusion**

The Complaint in this matter must be dismissed because the Plaintiff failed to exhaust tribal remedies. As the prevailing party, the Defendant is entitled to an award of attorney's fees.

Respectfully submitted this 14th day of February 2020.

**MAYNES, BRADFORD, SHIPPS & SHEFTEL, LLP**

by: */s/ Steven C. Boos*
Steven C. Boos, Reg. No. 009621
835 East Second Avenue, Suite 123
Durango, Colorado 81301
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February 2020, I caused a true and correct copy of **DEFENDANT'S AMENDED MOTION TO DISMISS** to be served on Plaintiff, Vernon Drummond, via e-mail and U.S. Mail, first class, postage prepaid, addressed as follows:

David Jordan, Esq.
1995 State Road 602
Post Office Box 840
Gallup, NM 87305-2205
Djlaw919@gmail.com

       */s/ Linda A. Winters*
Linda A. Winters