Steven C. Boos, Esq., Reg. No. 009621
Law Office of Steven Boos, LLC
Post Office Box 513
Bayfield, Colorado 81122
970-749-6688
steve@stevebooslaw.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Vernon Drummond, | ) | |
| | ) | |
|   Plaintiff, | ) | No. 3:19-cv-08307-JJT |
| | ) | |
| vs. | ) | **RESPONSE TO MOTION** |
| | ) | **TO STAY PROCEEDINGS** |
| Fort Defiance Indian Hospital Board, Inc., | ) | **ON SUMMARY JUDGMENT** |
| | ) | **MOTION PENDING** |
|   Defendant. | ) | **DISCOVERY** |
| | ) | |

The Defendant, Fort Defiance Indian Hospital Board, Inc., responds to the Plaintiff's *Motion to Stay Proceedings on Summary Judgment Motion Pending Discovery (Motion to Stay)*[1].

## I.    STATEMENT OF FACTS

The *Complaint* in this case was filed on October 17, 2019.[2] Although it is not entirely clear from the *Complaint,* the Plaintiff appears to make claims for **disparate treatment based on race** *and* a racially hostile work environment, both pursuant to Title VII of the Civil Rights Act of 1964.[3] These two claims have distinct and very different elements of proof, as will be discussed below.

---

[1] Dkt. 38, Jan. 15, 2021.
[2] *Complaint,* Dkt. 1, Oct. 17, 2019.
[3] *Joint Case Management Report,* Dkt. 31, November 27, 2020, at 2.

1

A stay of proceedings in this case was entered on March 23, 2020, in order to allow the parties to move forward with a parallel case, then pending before the Navajo Nation Labor Commission, based on the same operative facts as those in the present case.[4] During the five-month period when the stay was in effect, the Plaintiff conducted no discovery in either the Labor Commission case or the present case.

On October 5, 2020, the Court lifted the stay in this case.[5] The Defendant immediately made arrangements to take the deposition of the Plaintiff on October 14, 2020, as well as interviewing and collecting declarations from other potential witnesses.[6] The Defendant filed its *Motion for Summary Judgment and Award of Attorney's Fees (Motion for Summary Judgment)* on November 30, 2020.[7] The Plaintiff conducted no discovery during this period.

The Court held a scheduling conference on December 4, 2020. Although the Plaintiff had already been served with the *Motion for Summary Judgment* by the time this hearing was held, the Plaintiff did not inform the Court or the Defendant that he would need to do discovery before responding to the *Motion for Summary Judgment.*

Plaintiff agreed that his responsive memorandum to the *Motion for Summary Judgment* would be filed and served by January 15, 2020.[8] However, instead of filing his responsive memorandum, the Plaintiff filed the *Motion to Stay.*

The *Motion to Stay* is made pursuant to Rule 56(d), Fed.R.Civ.P., and is accompanied by a declaration from Plaintiff's legal counsel, David Jordan. The *Motion to Stay* contains a number

---

[4] Dkt. 24, March 23, 2020.
[5] Dkt. 28, Oct. 6, 2020.
[6] *Statement of Undisputed Facts Pursuant to LRCiv. 56.1(a), Appendix* at 000005, Dkt. 33, Nov. 30, 2020.
[7] *Motion for Summary Judgment and Award of Attorney's Fees,* Dkt. 32, Nov. 30, 2020.
[8] Dkt. 37, Jan. 4, 2021.

of significant errors of fact and law. In its opening paragraph, the *Motion to Stay* states that "to prove his claim, Plaintiff must demonstrate that (1) he is in a protected class; (2) he suffered adverse action; (3) the adverse action was because of discrimination." This statement is inaccurate because the Defendant has already conceded that the Plaintiff is a member of a protected class and that he suffered an adverse employment action; therefore, no further proof of these elements is required.[9] More importantly, the Plaintiff's statement of the legal elements he must prove is incomplete. The elements listed in the *Motion to Stay* only state partial elements of a claim for **disparate treatment based on race**, while at the same time leaving out critical elements of such claims, and entirely ignore his racially hostile work environment claim.[10] The *Motion to Stay* also makes the inaccurate assertion that only one of the witnesses the Plaintiff now wants to depose provided declarations in support of the *Motion for Summary Judgment and Award of Attorney's Fees,* when in fact three of the Plaintiff's proposed deponents (Tyrone James; Mark Krause; and Celeste Cardy) submitted such declarations.[11]

---

[9] *Motion for Summary Judgment,* at 9.
[10] To establish a *prima facie* disparate treatment claim under Title VII, a plaintiff must show 1) that plaintiff belongs to a protected class; 2) that the plaintiff was performing according to the employer's legitimate expectations; 3) that plaintiff suffered an adverse employment action; and 4) other employees with qualifications similar to those of the plaintiff were treated more favorably. Vasquez v. City of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003). To establish a *prima facie* hostile work environment claim under Title VII, a plaintiff must show 1) the plaintiff was subjected to verbal or physical conduct based on race; 2) the conduct was unwelcome; and 3) the conduct was sufficiently severe and pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. Manatt v. Bank of Am., NA, 339 F.3d 792, 798 (9th Cir. 2003).
[11] *Motion to Stay,* at 4; *Statement of Undisputed Facts Pursuant to LRCiv. 56.1(a), Appendix* at 000138 *(Declaration of Mark Krause),* 000149 *(Declaration of Celeste Jackson) and* 000153 *(Declaration of Tyrone James); Exhibit 1 (*Email from Celeste Cardy requesting that she be called Celeste Jackson*).*

The *Declaration of David R. Jordan*[12] contains only three statements regarding the facts he hopes to elicit from further discovery if the *Motion to Stay* is granted. These statements are as follows:

> 2. The discovery that I intent [sic] to do in this case involves: written discovery on Defendant (interrogatories and document requests) followed by a 30(b)(6) deposition of the Plaintiff [sic].
> 3. I also intend to depose the following individuals: Sharon Olcott [sic], Christine Ward [sic], Gary Jim, Tyrone James, Dr. Mark Krause and Celeste Cardy.
> 4. I have selected these individuals based upon conversations with my client, who believes they have information that harassment that he suffered while working for Defendant was tied to discriminatory animus because he is black [sic].

For the reasons discussed below, the *Motion to Stay* fails for lack of diligence on the part of the Plaintiff in conducting discovery and also fails on its merits.

## II. DISCUSSION

### A. Standards for Rule 56(d) motions

A Rule 56(d) movant must make specific showings to be entitled to relief. First, the moving party must show diligence in conducting discovery. A lack of diligence is, by itself, grounds to deny the motion.[13]

If the moving party gets over this first hurdle, he must still show that he has complied with the procedural requirements of Rule 56(d), a step sometimes characterized as an examination of whether the motion fails on the merits.[14] The moving party must show:

---

[12] Dkt. 38-1, Jan. 15, 2021.
[13] Korff v. City of Phoenix, *et al.*, CV-13-02317-PHX-ESW, slip op. at 2 (D. Ariz. March 29, 2016). A related timing issue the court must consider is whether the additional discovery requested in a Rule 56(d) motion would merely delay the proceedings. Roosevelt Irrigation Dist. v. Salt River Project, No. 2:10-CV-290-DAE (BGM), 2016 WL 3613278, slip op. at 2 (D. Ariz. Feb. 2, 2016).
[14] *Korf*, slip op. at 2-3.

1. That they have set forth in affidavit form the specific facts they hope to elicit from further discovery;

2. That the sought after facts exist; and

3. The sought after facts are essential to resist the summary judgment motion.[15]

The Ninth Circuit Court of Appeals has explained that these procedural requirements place the burden ". . . on the party seeking a continuance in order to conduct additional discovery to proffer sufficient facts to show that the evidence sought would preclude summary judgment."[16] It is axiomatic that the moving party is required to go through this showing on the merits by making a proffer of facts for each claim (including the elements of each claim) for which he seeks a stay pursuant to Rule 56(d).

These standards are rigorously applied and "failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment.".[17] As with summary judgment motions themselves, a Rule 56(d) movant cannot simply claim that further discovery may yield unspecified facts that could defeat summary judgment.[18] The information sought may not be the object of speculation and conclusory assertions regarding its existence and such speculations are insufficient to meet the standards for a Rule 56(d) motion.[19]

---

[15] Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp., 525 F.3d 822, 827 (9th Cir. 2008); Tatum v. City and Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) ["A party requesting [relief] pursuant to Rule 56(f) [now 56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."]; Stuart v. City of Scottsdale, CV-20-00755-PHX-JAT, slip op. at 3 (D. Ariz. Jan. 8, 2021).
[16] Hash v. Kanaan, 773 Fed, Appx. 984, 985 (9th Cir. 2019).
[17] *Family Home and Finance Center, Inc.,* at 827 (citation omitted).
[18] *See,* Mix v. JP Morgan Chase Bank N.A., CV-15-01102-PHX-JJT, slip op. at 7 (D. Ariz. Oct. 6, 2016).
[19] Margolis v. Ryan, 140 F.3d 850, 853-854 (9th Cir. 1998); Waltner v. United States, CV-19-04679-PHX-DGC, slip op. at 5 (D. Ariz. Feb. 10, 2020) [". . . it is well established that mere suspicion cannot support a Rule 56(d) request."]; *Korf*, slip op. at 3.

With regard to witnesses who have already provided testimony through deposition or declaration, the Rule 56(d) movant must show what specific material it hopes to uncover that would contradict the earlier testimony.[20]

### B. Plaintiff has not been diligent in conducting discovery.

As discussed above, the Plaintiff made no effort to conduct any discovery in either this case or the parallel action in the Navajo Nation Labor Commission until after the Defendant filed its *Motion for Summary Judgment.* The Plaintiff has not been diligent in conducting discovery and granting the Rule 56(d) motion would merely delay the swift disposition of this case, while at the same time consuming the limited resources of the Court and the Defendant. The Court should deny the *Motion to Stay* on these grounds alone.

### C. Plaintiff's motion fails on the merits regarding his racially hostile work environment claim under Title VII.

Even if the Court determines that the Plaintiff has been diligent in conducting discovery, the Court must also examine whether the *Motion to Stay* complies with the procedural requirements of Rule 56(d) and deny the motion on the merits if it does not. The *Motion to Stay* fails on the merits with regard to the Plaintiff's claim regarding a racially hostile work environment.

To establish a *prima facie* hostile work environment claim under Title VII, a plaintiff must raise a genuine issue as to whether 1) the plaintiff was subjected to verbal or physical conduct based on race; 2) the conduct was unwelcome; and 3) the conduct was sufficiently severe and pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.[21] The *Motion to Stay* does not even mention the elements of this claim, much less explain with specificity what additional facts further discovery will yield that are essential to

---

[20] *See*, Bean v. Pearson Education, Inc., 949 F. Supp. 2nd 941, 950 (D. Ariz. 2013).
[21] *Manatt,* at 798.

establishing the existence of a genuine issue as to any of those elements.[22] Perhaps more importantly, the Plaintiff himself in his deposition testimony stated the he had never been subjected to overt verbal or physical conduct based on race.[23] This creates a formidable barrier to the *Motion to Stay,* which the Plaintiff would have to surmount through a showing of specific, existing facts contradicting the Plaintiff's own sworn testimony.

Yet, the *Declaration of David R. Jordan* does not explain what specific, existing facts are known to *any* of the Plaintiff's proposed deponents. The *Declaration* states only that the Plaintiff "believes" the proposed deponents have information "tied to discriminatory animus." This is rank speculation, rather than the kind of specificity required by Rule 56(d). The Plaintiff would have to show that these deponents have knowledge of specific facts demonstrating that Plaintiff was subjected to concrete examples of verbal or physical conduct based on race, concrete examples of how that conduct was unwelcome and concrete examples of how that conduct was pervasive at the Plaintiff's workplace. Instead, the *Declaration* provides nothing more than a speculation that discovery might find "information" about some kind of harassment. The Plaintiff has not proffered any facts, much less sufficient facts, to support the *Motion to Stay.*

Finally, the Plaintiff fails to address the problem of the three proposed deponents, Mark Krause, Tyrone James and Celeste Cardy/Jackson, who have already provided declarations in support of the *Motion for Summary Judgment.* Each gave a declaration making clear that the Plaintiff was never subjected to pervasive, unwelcome verbal or physical conduct based on race. To contradict and overcome those declarations, the Plaintiff would have to do far more than

---

[22] The Court may want to take this as an admission on the part of the Plaintiff that he is not requesting a stay as to summary judgment on his hostile work environment claim and should accordingly enter judgment on that claim for the Defendant.

[23] *Statement of Undisputed Facts Pursuant to LRCiv. 56.1(a),* at ¶¶15, 17.

merely state a "belief" that that these proposed deponents now have some other information about "discriminatory animus."[24]

The Plaintiff has not complied with the procedural requirements of Rule 56(d) with regard to his claim of a racially hostile work environment and the *Motion to Stay* fails on the merits with regard to this claim.

**D. Plaintiff's motion fails on the merits with regard to his claim of disparate treatment based on race.**

To establish a *prima facie* disparate treatment claim under Title VII, a plaintiff must show 1) that plaintiff belongs to a protected class; 2) that the plaintiff was performing according to the employer's legitimate expectations; 3) that plaintiff suffered an adverse employment action; and 4) other employees with qualifications similar to those of the plaintiff were treated more favorably.[25] The *Motion to Stay* mentions two of the elements of this claim – membership in a protected class and an adverse employment action against the Plaintiff – but the Defendant has already agreed in the *Motion for Summary Judgment* that the Plaintiff is a member of a protected class, because he is Black, and had an adverse employment action taken against him,

---

[24] In addition, the other potential deponents identified in the *Motion to Stay* (Christina Cecil Ward; Sharon Alcott; and Gary Jim) have no information even hinting that the Plaintiff was ever subjected to pervasive, unwelcome verbal or physical conduct based on race, regardless of what the Plaintiff believes. Exhibit 2 (*Declaration of Christina Cecil Ward);* Exhibit 3 (*Declaration of Sharon Alcott*); and Exhibit 4 (*Declaration of Gary Jim*). Rather, these proposed deponents' declarations support the position taken in the *Motion for Summary Judgment* that there were issues with the Plaintiff's wound care practices and those issues resulted in his termination following an independent audit that confirmed the seriousness of those concerns. At worst, these declarations raise questions about whether the legitimate concerns of the Defendant regarding the Plaintiff's wound care practices were handled in an unfriendly way. However, as the *Motion for Summary Judgment* points out, "allegations of unfriendly or rude behavior, and/or that [the Plaintiff] experienced a non-ideal work environment are insufficient to establish a prima facie case of discrimination under Title VII." Wilson v. Stream Global Services-US Inc., No. CV-14-02407-PHX-JJT, slip op. at 6 (D. Ariz. December 1, 2016). Consequently, entering the requested stay would merely delay the disposition of this case to no purpose.

[25] *Vasquez*, at 642.

because he was terminated, and no further discovery is needed regarding these two elements of this claim. However, the *Motion to Stay* fails on the merits with regard to the remaining elements of this claim, because the Plaintiff has not set forth specific, existing facts he will elicit from the proposed deponents showing that he was performing according to the Defendant's legitimate expectations and that employees with similar qualifications were treated more favorably.

With regard to the first unaddressed element, the *Motion for Summary Judgment* provided extensive evidence that the Plaintiff was practicing outside the scope of his nursing license, was imperiling patient safety and these deficiencies were ultimately confirmed by an independent outside consultant, leading to the Plaintiff's termination.[26] The *Declaration of David R. Jordan* simply does not provide the specific, existing facts the proposed deponents will provide to show that the Plaintiff was, in fact, performing according to the Defendant's legitimate expectations.

Similarly, the Plaintiff does not identify in his *Complaint* and does not identify in the *Motion to Stay* those similarly situated employees who were treated more favorably or what specific, existing facts about these unidentified employees the proposed deponents would provide through further discovery. The Plaintiff's speculation that the deponents might have information about "discriminatory animus" is insufficient to meet the requirements of Rule 56(d) as to these elements of his disparate treatment claim.

The Plaintiff has not complied with the procedural requirements of Rule 56(d) with regard to his claim of disparate treatment based on race and the *Motion to Stay* fails on the merits with regard to this claim.

### III. CONCLUSION

---

[26] *Motion for Summary Judgment,* at 10.

The *Motion to Stay* asks that the Court delay the swift disposition of this case through the application of Rule 56(d). However, the *Motion to Stay* completely ignores the strict requirements that are prerequisites to relief under this rule. It fails to explain why the Plaintiff has never conducted discovery in the 15 months since his *Complaint* was filed. It fails to explain what specific, existing facts the proposed deponents hold that would address any of the elements required to prove the Plaintiff's racially hostile work environment claim or, more importantly, what specific, existing facts these deponents hold that would overcome the Plaintiff's own sworn deposition testimony that he was never subjected to physical or verbal conduct based on race. It also ignores the fact, with regard to the Plaintiff's claim concerning disparate treatment based on race, that the Defendant has already conceded two of the elements for such claims, thus obviating the need for further discovery related to those elements. And it also fails, with regard to this latter claim, to set forth specific, existing facts the Plaintiff will elicit from the proposed deponents showing that he was performing according to the Defendant's legitimate expectations and that employees with similar qualifications were treated more favorably.  Instead, the *Motion to Stay* and the accompanying *Declaration of David R. Jordan* state only that the Plaintiff "believes" the proposed deponents have information "tied to discriminatory animus." This is a completely insufficient showing under the clear procedural requirements of Rule 56(d) and the *Motion to Stay* therefore fails on its merits.

Consequently, the Court should deny the *Motion to Stay* and move forward with its consideration of granting the *Motion for Summary Judgment* pursuant to LRCiv. 7.2(i).[27] [28]

Respectfully submitted this 27th day of January, 2021.

**LAW OFFICE OF STEVEN BOOS, LLC**

by: /s/ Steven C. Boos
Steven C. Boos, Reg. No. 009621
Post Office Box 513
Bayfield, Colorado 81122
*Attorney for Defendant*

---

[27] The Defendant has separately filed a *Request to Submit for Decision and for Entry of Judgment,* requesting that judgment be entered in favor of the Defendant, pursuant to LRCiv. 7.2(i), based upon the Plaintiff's failure to timely file a responsive memorandum to the *Motion for Summary Judgment.*

[28] The Court should also consider the impact of the *Motion to Stay* on that part of the *Motion for Summary Judgment* requesting an award of attorney's fees. The *Motion to Stay* highlights the haphazard approach the Plaintiff has taken toward this case: it fails to address any of the procedural requirements of a Rule 56(d) motion; it shows that the Plaintiff has never considered whether he has facts to support all of the elements of his disparate treatment claim and fails to even identify half of the elements for such claims; it shows that he is oblivious to his racially hostile work environment claim as the *Motion to Stay* fails to even mention any of the elements of such claims; it demonstrates that he hasn't done even basic preliminary research prior to filing his *Complaint* because he "believes" that the proposed deponents hold evidence " tied to discriminatory animus" when in fact they hold no such evidence. In short, the present case is exactly the type Senior Judge Neil Wake warned of when assessing the award of fees: ". . . a naked allegation, lacking an iota of even circumstantial evidence to make it plausible." Watson v. County of Yavapai, 240 F.Supp.3d 996, 997 (D. Ariz. 2017).

CERTIFICATE OF SERVICE

  I hereby certify that on the 27th day of January 2021, I caused a true and correct copy of this **RESPONSE TO MOTION TO STAY PROCEEDINGS ON SUMMARY JUDGMENT MOTION PENDING DISCOVERY** to be served on Plaintiff, Vernon Drummond, via e-mail and U.S. Mail, first class, postage prepaid, addressed as follows:

David Jordan, Esq.
1995 State Road 602
Post Office Box 840
Gallup, NM 87305-2205
Djlaw919@gmail.com

                */s/ Steven C. Boos*
                Steven C. Boos