1
2
3
4
5

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Vernon Drummond, | No. CV-19-08307-PCT-JJT |
| --- | --- |
| Plaintiff, | **ORDER** |
| v. | |
| Fort Defiance Indian Hospital Board Incorporated, | |
| Defendant. | |

At issue are: Plaintiff's Motion to Stay Proceedings on Summary Judgment Motion Pending Discovery (Doc. 38), to which Defendant filed a Response (Doc. 39) in opposition; and Defendant's Motion for Ruling on Summary Judgment (Doc. 40). The Court also will address Defendant's Motion to Submit for Decision (Doc. 41).

Shortly after pleadings closed in this matter, the Court entered a Stay Order upon joint request of the parties to allow them to attempt resolution in an alternate forum. (Docs. 23, 24.) Upon notice by the parties that no such resolution was likely to occur (Doc. 27), the Court lifted its Stay Order and set the matter for a scheduling conference. (Docs. 28, 29.)

Before the Rule 16 Scheduling Conference took place, Defendant filed a Motion for Summary Judgment, seeking final disposition of Plaintiff's federal employment discrimination claim. (Doc. 32, "MSJ".) On the day Plaintiff's response to the MSJ was due,[1] he filed the instant Motion to Stay the summary judgment proceedings to allow him

---

[1] The parties jointly requested an extension for Plaintiff's MSJ Response, which the Court had granted. (Docs. 36, 37.) Upon extension, Plaintiff's response would have been due

to complete discovery, pursuant to Fed. R. Civ. P. 56(d). (Doc. 38.) Defendant opposed the stay motion (Doc. 39) and filed a Motion for the Court's ruling the day after briefing closed. (Doc. 41.) Defendant also filed a Motion for Ruling on its MSJ. (Doc. 40.)

In his Motion to Stay summary judgment proceedings, Plaintiff argues he needs to conduct additional fact discovery to assess and present controverting facts. Plaintiff points out that Defendant filed its MSJ before the Court had even set a discovery schedule in the matter, and the schedule the Court thereafter set gave him until May 29 of this year to conduct his fact discovery. Plaintiff argues the MSJ is premature, and that forcing him to respond without taking discovery under the timeframe this Court set would be unfairly prejudicial. He asserts he needs to take the Rule 30(b)(6) deposition of Defendant's representative to determine Defendant's justifications for the actions taken against him, and to depose fact witness co-workers who have knowledge of the events he set forth in his Complaint, and whose knowledge therefore would go toward evaluation of the *McDonnell Douglas* factors. (Doc. 38 at 4.)

Defendant counters that Plaintiff is not entitled to a stay of the MSJ deadlines because he failed to exercise diligence in conducting discovery. The Court disagrees. This matter was under a jointly requested stay from shortly after closing of the pleadings until October 6, 2020. Defendant's Amended Motion to Dismiss the Complaint was pending at that time, until the Court denied it on November 13, 2020. (Doc. 30.) Two weeks later, on November 27, the parties submitted their joint case management report and jointly proposed that all discovery remain open until May 29, 2021. (Doc. 31 at 7.) Three days later Defendant filed its MSJ. (Doc. 32.) Plaintiff therefore had only a matter of weeks in which to initiate discovery after the Court lifted the prior stay, and had every indication by Defendant's counsel's conduct in setting the discovery schedule that he would have through the end of May to complete that discovery to substantiate his claims. Plaintiff's counsel avers in the Motion for Stay that he contracted COVID-19 in December and was

_____

January 15, 2021—the day he filed his Motion for Stay of the MSJ proceedings.

back to work in January, just before he filed for the stay. This timeline shows reasonable diligence justifying the stay request from a procedural standpoint.

Defendant also argues on the merits that Plaintiff is not entitled to a stay because he cannot show that the facts he seeks through discovery would preclude summary judgment, as required under Ninth Circuit law. *See, e.g., Hash v. Kanaan*, 773 Fed. App'x. 984, 985 (9th Cir. 2009). In the context of the pending motion and the point in the life cycle of the case, this argument fails. Defendant has gathered evidence in the form of statements that support its position, but until Plaintiff has had an opportunity to develop and test those statements through discovery, it is unknowable whether those same sources, or others, will present controverted issues of fact. For Defendant to declare otherwise is circular and self-serving. Plaintiff will be given the opportunity to develop his evidence through discovery according to the period set by this Court.

The Court will grant Plaintiff's Motion to Stay MSJ proceedings. As a result, the Court will deny Defendant's Motion for Ruling on Summary Judgment (Doc. 40), delaying that ruling until after discovery is complete and briefing of the MSJ is complete according to the schedule set below.

Finally, the Court notes that in the past two weeks, Defendant's counsel has filed two motions seeking the Court's immediate ruling on two motions Defendant believed had just become ripe—one of which was not. The Court has a comprehensive system to track ripeness of all matters and motions before it. It knows precisely when a motion is awaiting decision or other attention. And the reason the Court has such a system is to allow it to manage the hundreds of cases before it at all times, as well as their attendant motion practice. At present, over 190 civil motions and a concomitant number of criminal and miscellaneous matter motions are pending with the undersigned alone from those hundreds of cases and matters. The Court includes this information so the parties' counsel understand that simply because a motion has ripened, that does not mean Court resources are available at that moment—or even for some time thereafter—to address that motion. The Court prioritizes each of the pending motions by age, complexity, and effect of resolution on

1  subsequent proceedings in that matter; it revisits this prioritization frequently. As a result,
2  the Court turns to each motion as soon as time and priority permits. Filing a motion the day
3  after a matter becomes ripe that seeks immediate resolution is not helpful, and in fact
4  simply adds to the matters for the Court's consideration. To think otherwise, at best,
5  demonstrates a lack of self-awareness or respect for the demand the Court faces for
6  reasoned and careful consideration of all matters before it.

7  **IT IS ORDERED** granting the Motion to Stay Proceedings on Summary Judgment
8  Motion Pending Discovery (Doc. 38). On June 12, 2021, two weeks after close of
9  discovery, Defendant shall file either a notice of its intent to stand on its extant MSJ and
10 supporting statement of facts (Docs. 32, 33) or file a new, modified MSJ and SOF. Plaintiff
11 shall have until June 26, 2021 to file his response thereto. Defendant shall file any Reply
12 according to the applicable Federal Rules of Civil Procedure and local Rules of Practice
13 for the District of Arizona.

14 **IT IS FURTHER ORDERED** denying the Motion for Ruling on Summary
15 Judgment (Doc. 40).

16 **IT IS FURTHER ORDERED** denying as moot the Motion to Submit for Decision
17 (Doc. 41).

18 Dated this 10th day of February, 2021.

19
20 _____
   Honorable John J. Tuchi
   United States District Judge

- 4 -